*Buford, Administrator*, vs. *Byrd.*—*Marshall* vs. *Bouldin.*

MARSHALL *vs.* BOULDIN,

Where a demurrer is filed to the whole declaration, and some of the counts are bad and others good, the demurrer should be sustained as to the bad counts, and overruled as to the others.— (See Rev. Stat.,1835, title, " Practice at Law," art. 3, sec. 14,16., p. 458,459.)

APPEAL from the Circuit Court of Howard county.

CLARK, *for Appellant.*

It is insisted by the appellant, that the second count of the declaration is bad, and subject to a general demurrer, and that the demurrer being to the whole declaration makes no kind of difference.   If there be any one count bad, a demurrer to the whole declaration reaches it, as well as if put in specially to that count.—Digest of 1835, p. 458, 459.

BELT, *for Appellee.*

1. The decision of the Circuit Court cannot be inquired into by this tribunal, because, to entitle a party to the benefit of any objection to any proceedings

in the Circuit Court, it should appear on the record : for the proceedings in a cause cannot be reviewed in the Supreme Court, unless they are preserved in a bill of exceptions.— See Crane *vs.* Taylor, 7 Mo. Dec., 285, in which all the adjudications of this Court are reviewed. There is no bill of exceptions taken in this case, and it cannot possibly appear whether the plaintiff in error excepted to the decisions of the Circuit Court. It is not sufficient that there be an *objection* to any proceeding in the court below, but there must be an exception to the opinion or decision of the court, and this exception must appear on the record, by being embodied in a bill of exceptions : *vide* decisions above referred to. And when the court below, either in the charge to the jury, or in deciding an interlocutory question, mistakes the law, the opposite party, to avail himself of the error, must tender and require the judge to seal his bill of exceptions.— 3 Black. Com., 372; 7 Serg. and Rawle, 178; 1 Cowen, 622; 2 Caines, 168; 2 Cowen, 479; 5 Cowen, 243; 3 Cranch, 298; 4 Cranch, 62; 6 Cranch, 226; 17 Johns. Rep., 218; 3 Wend., 418; 9 Wend., 674.

No notice can be taken of objections or exceptions which do not appear in the bill.— 8 East, 280; 3 Dall., 38, 422, note; 2 Binn., 168; Stephens' Plead., 111; 1 Bac. Ab., 527; 1 Phil. Ev., 214; 12 Vin. Ab., 262.

2. Judgment is given for the right party : for though there can be no "demurrer to a demurrer," yet on joinder in demurrer, the question arises whether the party can avail himself of the defects in previous pleadings, by filing his demurrer. In this case no advantage can be taken, because the party demurring has not *particularly specified* his causes of demurrer.— 1 Chitty's Plead., 701, 702; Rev. Code, 1835, 458, 459, sec. 14 and 15.

The argument of counsel in Circuit Court, in support of the demurrer, was, that one of the counts in the declaration was defective. (2d count.)

Chitty's Plead., vol.1, p.703, says, "a demurrer is either to the whole or part only of the declaration. If the declaration contain several counts, and one only is bad, the defendant should demur to the insufficient count; for if he were to demur to the whole declaration, the court would give judgment against him. And this rule applies to a single count, part of which may be good and part bad : provided the matters alleged are divisible in their nature.— See decisions there referred to, and Belton *vs.* Gibbon, 7 Halstead, 76; Whitney *vs.* Crosby, 3 Caine's Rep., 89; Backus *vs.* Richardson, 5 Johns. Rep., 476; Kingsley *vs.* Bill, 9 Mass. Rep., 199, 200; Martin et al. *vs.* Williams, 13 Johns. Rep., 274; Monell and Weller *vs.* Colden, 13 Johns. Rep., 402; Adams *vs.* Willoughby, 1 Johns. Rep., 65; Seddon *vs.* Senate, 13 East's Rep., 76, 77; Levey *vs.* Blacklin and Others, 2 Mass. Rep., 541; Harrison *vs.* McIntosh, 1 Johns. Rep., 385; Cruglee *vs.* Trustees of Rochester, 12 Wend. Rep., 169; Douglas *vs.* Satterlee, 11 Johns. Rep., 16, are much stronger cases than those above mentioned. Since the statute 4 and 5 Anne, chap. 16, the provisions of which are virtually embodied in our statute, it has invariably been decided, that a party demurring can take advantage in *a general demurrer* only of defects in substance.— 1 Chitty's Plead., 702, 703; 1 Saund., 337, b. 2; Wilson, 10; 5 Greenleaf's Rep., 415. Defects in form must be particularly specified and insisted upon in demurrer.— 1 Chitty's Plead., 701, 702; Bac. Ab. Plead., N. S.

Co. Lit., 72 *a;* Sugden *vs.* Croy, 2 Johns. Rep., 428. And that this is such, an inspection of the declaration (second count) will prove.

But supposing the second count insufficient on a *general demurrer,* such as the demurrer here filed; the demurrer being merely as to matter of form, even if sustained, the court under the statute, for so slight an omission, would have awarded costs to plaintiff in court below.—Rev. Code, 1835, p. 129, sec. 10.

3. The breach is properly stated.—1 Chitty's Plead., 407, 408. In debt on specialty, no inducement, or statement of consideration, is necessary in declaration.—1 Chitty's Plead., 394, 395. The derivative title of plaintiff is properly stated.—1 Chitty's Plead., 401, 402. As to statement of treaty, see more particularly 2 Chitty's Plead., 436, chap. 7, on bonds; and Evans Harris, title "Declarations in Debt."—Rev. Code, 1835, p. 458, 459.

TOMPKINS, *Judge, delivered the opinion of the Court.*

The declaration in this case was on a writing obligatory, and there were four counts to that declaration. The defendant demurred to the whole declaration, and the demurrer was overruled, and judgment was given on the demurrer for the plaintiff below.

To reverse the judgment of the Circuit Court, this appeal is prosecuted.

The error insisted on is, that there being four counts in the declaration, one of which was bad, the demurrer ought to have been sustained; and in support of this position reference is made to the 458th and 459th pages of the Digest of 1835, where, at page 458 of the Digest of 1835, we find, in the 14th section of the third article of the act to regulate practice at law, this provision: "When any demurrer shall be filed in any action, the court shall proceed to give judgment according as the very right of the cause and matter in law shall appear, without regarding any defect or other imperfection in any process of pleading, so as matter sufficient shall appear in the pleadings to enable the court to give judgment according to the very right of the cause, unless such defect or other imperfection be specially expressed in the demurrer;" and in the 16th section it is provided, that "Demurrers may be joint and several, and may be sustained as to part of the pleadings demurred to, and overruled as to the residue, according to the circumstances of the case, with like effect, and in all respects, as if a separate demurrer had been filed to each pleading so demurred to. The second count is charged to be defective. Admitting it to be bad, there are three good counts, and we find in the 4th section of the 7th article of the same act, that when there are several counts in a declaration, and entire damages are given, the verdict shall be good, notwithstanding one or more of such counts may be defective. The demurrer ought, if the count be bad, to have been sustained to the second count. But in this state of the case, after judgment, there being three good counts, the judgment of the Circuit Court will be affirmed.